◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BASS, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered August 12, 1981, convicting defendant upon his plea of guilty of the crime of robbery in the first degree. Pursuant to two separate indictments, defendant was charged in Schenectady County with one count of rape in the first degree (Penal Law, § 130.35, subd 1), one count of sodomy in the first degree (Penal Law, § 130.50, subd 1), one count of burglary in the second degree (Penal Law, § 140.25, subd 2), one count of robbery in the first degree (Penal Law, § 160.15, subd 3), two counts of robbery in the second degree (Penal Law, § 160.10, subds 1, 2), two counts of assault in the second degree (Penal Law, § 120.05, subds 2, 6) and one count of criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [2]). Following plea negotiations he was permitted to plead guilty to the charge of robbery in the first degree in full satisfaction of both indictments, and he was then sentenced to an indeterminate term of imprisonment of 5 to 15 years. The instant appeal followed, and we hold that the challenged judgment should be affirmed. In so ruling, we initially find without merit defendant's contention that the sentencing court abused its discretion under CPL 220.60 when, at the time of sentencing, it denied defendant's *pro se* motion to withdraw his previously entered guilty plea. A perusal of the plea and sentencing minutes establishes that defendant entered his plea of guilty knowingly and voluntarily and with the understanding that he would receive an indeterminate sentence of 5 to 15 years. Moreover, contrary to statements in his brief on appeal, he did not assert his innocence of the charges against him when before the sentencing court, but merely indicated that he was unhappy with his plea bargained sentence with its minimum term of five years. Under these circumstances, no abuse of discretion by the court has been demonstrated (cf. *People v Cooke,* 61 AD2d 1060; see, also, *People v Frederick,* 45 NY2d 520). Similarly unpersuasive is defendant's argument that his sentence should be reduced in light of its alleged harshness and severity. The term imposed is well within the statutory guidelines for a class B violent felony conviction (Penal Law, § 70.02, subds 3, 4) and is also in accord with the plea bargain agreement and the presentence report. Additionally, defendant was extended leniency when his plea was accepted in full satisfaction of all the charges pending against him. Given a situation such as this, the sentence plainly did not constitute an abuse of discretion, and no circumstances have been presented which would warrant

our modification thereof (see *People v Harris,* 57 AD2d 663). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.