■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DE SIMONE, Appellant.—Appeals by defendant from six judgments of the Supreme Court, Queens County (Rotker, J.), each rendered July 2, 1984, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree (three counts), and criminal possession of a controlled substance in the seventh degree, upon his pleas of guilty, and imposing

sentences. The appeals bring up for review the denial, after a hearing, of defendant's motion to withdraw his pleas of guilty.

Judgments affirmed.

We reject defendant's contention that the court improperly denied his motion to withdraw his pleas of guilty inasmuch as the record reveals that he knowingly, voluntarily and intelligently waived his rights and pleaded guilty (*see, People v Harris,* 61 NY2d 9; *People v Sprow,* 104 AD2d 1056). The record provided no grounds for the withdrawal of those pleas (*see, People v Ramos,* 63 NY2d 640, 642-643). If defendant was dissatisfied with the terms of the proffered pleas his remedy was to refrain from pleading guilty (*People v Jones,* 81 AD2d 22, 23-24). We find defendant's contentions that he was not adequately advised of his alternatives and the consequences of his pleas to be without merit. The record reveals that he was specifically advised of all the rights he was waiving by pleading guilty, including his possible defense of entrapment. Contrary to his contention that he was informed that he would receive mandatory maximum sentences if convicted after trial, we find that both the court and his attorney acted properly in advising him of the *authorized* maximum sentences which could have been imposed had he been convicted after trial. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.