■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE MORRIS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 13, 1982, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant's contention that the court erred in denying his application to withdraw his plea of guilty, or, alternatively, in failing to conduct a hearing, is unpersuasive. The record discloses that the defendant was fully advised of all of the rights he would be waiving by pleading guilty. The defendant, after consulting with counsel, voluntarily chose to plead guilty. During the plea allocution, the defendant admitted the underlying facts of the crime, and neither his belated, unsubstantiated claim of innocence nor his assertion that personal family pressures compelled him to plead guilty, renders the plea procedurally or substantively defective (see, People v Stubbs, 110 AD2d 725). The motion to withdraw the plea was nothing more than an attempt to negotiate a better plea bargain. Moreover, since the defendant was given an ample opportunity to state the basis for his application to withdraw his plea, which basis was facially without merit, no formal evidentiary hearing was necessary (see, People v Tinsley, 35 NY2d 926; People v Kelsch, 96 AD2d 677).

We have reviewed the defendant's remaining contention, and find it to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.