■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PINKNEY PEARSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 19, 1985, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Based upon a review of the record, we find that for reasons stated by Justice Rotker at Criminal Term, the defendant was not entitled to withdraw his guilty plea. Moreover, since the defendant was given ample opportunity to state and substantiate the basis for his application to withdraw his plea but failed to do so, no formal evidentiary hearing was required (see, People v Kelsch, 96 AD2d 677; People v Morris, 118 AD2d 595, lv denied 67 NY2d 947). Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PETERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 11, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutrix's summation did not prejudice the defendant (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Galloway, 54 NY2d 396, 401). The court corrected the prosecutrix's allusion to the defendant's criminal history with a prompt curative instruction, and the prosecutrix's other remarks did not exceed the broad bounds of permissible rhetorical comment (see, People v Galloway, supra, at 399).

Contrary to the defendant's contention, we do not perceive the prosecutrix's remark during her opening statement, to the effect that the Grand Jury had accused the defendant of the two weapons possession counts, to have created the impression that the indictment was probative of the defendant's guilt, especially since the trial court instructed the jury, both in its preliminary and final charges, that the charges contained in the indictment are not evidence.

The defendant's remaining contentions, including those raised in his pro se brief, are either unpreserved for review (see, People v Arce, 42 NY2d 179, 190) or without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.