■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN REALE, Also Known as KAREN MILLER, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 5, 1987, convicting her of criminal sale of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LUIS REYES, Also Known as LOUIS REYES, Also Known as LUIS CIVIDANES, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed June 30, 1987.

Ordered that the sentence is affirmed.

At the time the defendant's guilty plea was entered, the court, while agreeing to consider a term of incarceration of 1 to 3 years, agreed to impose a sentence not to exceed 2 to 6 years. The defendant clearly understood that a sentence of 2 to 6 years was a distinct possibility. Under the circumstances, he has no basis to now complain that his sentence was excessive (People v Kazepis, 101 AD2d 816). We find that the sentence imposed did not reflect a failure to observe the principles of sentencing, was not an abuse of discretion, and was not excessive (see, People v Suitte, 90 AD2d 80). Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.