■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WOOD, Appellant.—Appeal by the defendant from a

judgment of the County Court, Nassau County (Delin, J.), rendered December 11, 1987, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of the effective assistance of counsel. The claim that defense counsel coerced the defendant into pleading guilty is belied by the defendant's admission, during the plea proceeding, that he had discussed possible defenses with his attorney and was entering a guilty plea because he believed it was his best option under the circumstances. The record affirmatively demonstrates that the defendant knowingly and voluntarily entered a plea of guilty (see, People v Harris, 61 NY2d 9), apparently predicated upon the strength of the People's case against him. Insofar as we are able to review the defendant's ineffective assistance of counsel claim, we find that defense counsel's performance amply met the standard of meaningful representation generally, as evidenced, inter alia, by the favorable plea bargain negotiated by counsel (see, People v Candelaria, 139 AD2d 752). The plea bargain resulted in the imposition of an indeterminate sentence that was only marginally greater than the allowable minimum term for robbery in the first degree, given the defendant's status as a second violent felony offender (see, Penal Law § 70.04 [3] [a]; [4]).

Lastly, we perceive no basis for concluding that the sentence imposed, which was the product of a negotiated plea, warrants modification in the interest of justice (see, People v Kazepis, 101 AD2d 816; People v Suitte, 90 AD2d 80). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.