■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HAGZAN, Appellant.—Appeal by the defendant from three judgments of the County Court, Suffolk County (Sherman, J.), all rendered July 30, 1987, convicting him of forgery in the second degree under indictment number 1438/86, robbery in the first degree (five counts), and attempted robbery in the first degree under indictment number 1489/86, and robbery in the first degree under indictment number 1545/86, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

It is well settled that the decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court (see, People v Gomez, 142 AD2d 649). In the instant case, the defendant knowingly and voluntarily made a complete plea allocution in the presence of competent counsel, after the court had fully apprised the defendant of the consequences of his pleas (see, People v Harris, 61 NY2d 9). Moreover, at no time did the defendant claim that he was innocent or assert that he had been coerced into pleading guilty. The sole basis for his application to withdraw his pleas was that he was unhappy with his bargained-for sentences. Under these circumstances, it was not an improvident exercise of discretion to deny the motion (see, People v Morris, 118 AD2d 595; People v De Simone, 112 AD2d 443; People v Bass, 92 AD2d 1062).

Finally, we would observe that the defendant received precisely the sentences for which he freely and knowingly bargained, and which were promised to him at the time of the guilty pleas. Thus, in light of his background and the circumstances of this case, the defendant received the benefits of a favorable plea bargain and he cannot now complain that the sentences were harsh or excessive (see, People v Kazepis, 101 AD2d 816). Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.