■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL VERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered September 13, 1989, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court (see, People v Gomez, 142 AD2d 649). In the instant case, the defendant knowingly and voluntarily made a complete plea allocution in the presence of competent counsel, after the court had fully apprised the defendant of the consequences of his plea (see, People v Harris, 61 NY2d 9). Moreover, at no time did the defendant claim that he was innocent or assert that he had been coerced into pleading guilty. Under these circumstances, it was not an improvident exercise of discretion to deny the motion (see, People v Morris, 118 AD2d 595; People v De Simone, 112 AD2d 443; People v Bass, 92 AD2d 1062).

We would observe that the defendant received precisely the sentence for which he freely and knowingly bargained, and which was promised to him at the time of the guilty plea. Thus, in light of his background and the circumstances of this case, the defendant received the benefits of a favorable negotiated plea and he cannot now complain that the sentence was harsh or excessive (see, People v Kazepis, 101 AD2d 816).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.