■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.),

rendered June 9, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is settled that the decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (see, People v Brownlee, 158 AD2d 610; People v Hagzan, 155 AD2d 616). In the case at bar, the defendant knowingly and voluntarily made a complete plea allocution in the presence of competent counsel, after the court had apprised him of the consequences of his plea (People v Harris, 61 NY2d 9). The sole basis for the defendant's application to withdraw his plea was that he expected "less time" than the sentence actually imposed. Under these circumstances it was not an improvident exercise of discretion to deny the motion (see, People v Hagzan, supra; People v Morris, 118 AD2d 595).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.