■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER COOPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 18, 1990, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the decision as to whether to permit a defendant to withdraw a plea of guilty rests within the sound discretion of the court *(see, People v Gomez,* 142 AD2d 649). In the instant case, the defendant knowingly and voluntarily made a complete plea allocution in the presence of competent counsel, after the court had fully apprised the defendant of the consequences of his plea *(see, People v Harris,* 61 NY2d 9). Moreover, at no time did the defendant assert that he had been coerced into pleading guilty. The sole basis for his application to withdraw his plea was that he was unhappy with his bargained-for sentence. Under these circumstances, it was not an improvident exercise of discretion to deny the motion *(see, People v Hagzan,* 155 AD2d 616, 617; *People v Morris,* 118 AD2d 595; *see also, People v De Simone,* 112 AD2d 443; *People v Bass,* 92 AD2d 1062).

Additionally, the defendant received precisely the sentence for which he freely and knowingly bargained, and which was promised to him at the time of the plea of guilty. Thus, in light of his background and the circumstances of this case, the defendant received the benefits of a favorable plea bargain and he cannot now complain that the sentence was harsh or excessive *(see, People v Kazepis,* 101 AD2d 816).

However, we note that the People's contention that the defendant waived his right to appeal *(cf., People v Seaberg,* 74 NY2d 1) is without merit since the waiver, on its face, contained an exception permitting an appeal on the basis, *inter alia,* of severity of sentence, a claim which the defendant makes at bar.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.