■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THOMPSON, Appellant.—Appeals by the defendant (1) from a judgment of the County Court, Orange County (Pano Patsalos, J.), rendered January 16, 1990, convicting him of vehicular manslaughter in the first degree, upon his plea of guilty, under Indictment No. 89-00163, and imposing sentence, and (2) from an amended judgment of the same court, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof,

upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of operating a motor vehicle while under the influence of alcohol as a felony under S.C.I. No. 87-00241.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's contention that the court should not have accepted his guilty plea under Indictment No. 89-00163 because his allocution did not completely establish all the elements of vehicular manslaughter in the first degree is without merit. This offense requires proof that the defendant (a) committed the crime of criminally negligent homicide as defined in Penal Law § 125.10, (b) caused the death by operation of a vehicle in violation of Vehicle and Traffic Law § 1192 (2), (3), or (4), and (c) committed the crime while knowing or having reason to know that his license had been revoked or suspended, *inter alia,* following a conviction under Vehicle and Traffic Law § 1192 *(see,* Penal Law §§ 125.13, 125.12, 125.10, 15.05 [4]). In this case, the defendant admitted to driving his vehicle at a rate of 80 to 85 miles per hour in a 40 mile-per-hour speed zone while he was intoxicated and knew that his license had been revoked following a prior conviction relating to driving while intoxicated and that, as a result of his actions, he hit a police officer's car causing the death of the officer. Thus, the defendant was properly convicted of vehicular manslaughter in the first degree *(see, People v Cooper,* 158 AD2d 743; *see also, People v Fleenor,* 162 AD2d 832; *People v Rennoldson,* 117 AD2d 994).

"In any event, it is well settled that a guilty plea will be upheld if it was entered knowingly, voluntarily and with understanding of the consequences *(North Carolina v Alford,* 400 US 25). If these criteria are met, a plea will not be vacated merely because the defendant was unwilling or unable to describe or admit to the underlying facts of the charged crime *(see, People v Serrano,* 15 NY2d 304)" *(People v Brown,* 114 AD2d 1036, 1036-1037; *see, People v Krawitz,* 151 AD2d 850; *People v Cruz,* 146 AD2d 708).

Moreover, the court did not err in denying the defendant's application to withdraw his guilty plea. The record of the hearing held on the defendant's application fails to support his assertions that he was either coerced or misled by his attorney. Indeed, the record shows that counsel thoroughly explained the possible sentencing alternatives to the defendant and discussed with him the relative strengths and weaknesses of each side's case. Furthermore, the defendant know-

ingly and voluntarily made a complete plea allocution in the presence of competent counsel and after the court had fully apprised the defendant of the consequences of his plea (see, People v Hagzan, 155 AD2d 616; People v Wood, 150 AD2d 411). If the defendant was unhappy with the plea offered, his remedy was to refrain from pleading guilty (see, People v De Simone, 112 AD2d 443).

Furthermore, having knowingly and voluntarily entered a plea of guilty under a negotiated plea agreement with the understanding that he was to receive the sentence imposed, the defendant may not now be heard to complain that the sentence was excessive (see, People v Kazepis, 101 AD2d 816). In any event, given the defendant's extensive criminal history dating back to 1960 and involving numerous drinking and driving incidents, including a conviction for operating a motor vehicle while under the influence of alcohol as a felony just one year prior to the fatal accident herein, it cannot be said that the sentence was excessive (see, People v Cooper, supra).

Finally, by pleading guilty, the defendant waived any alleged Brady violation resulting from the prosecution's purported failure to disclose the autopsy report (see, People v Day, 150 AD2d 595, 600). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.