■ The People of the State of New York, Respondent, v Luis Rivera, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 18, 1988, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the right of a defendant to withdraw a plea of guilty rests within the sound discretion of the court (see, CPL 220.60 [3]; *People v O'Callaghan,* 171 AD2d 706; *People v Hagzan,* 155 AD2d 616). Here, the court conducted a lengthy and complete plea allocution in the presence of competent counsel, and the defendant was fully advised of the sentencing limitations and the consequences of the plea (see, *People v Harris,* 61 NY2d 9). The defendant's claim of mental incapacity due to medication is belied not only by the defendant's statements and observed demeanor at the plea (see, *People v Bangert,* 107 AD2d 752), but also by the testimony of the expert witness called on his behalf. Since the defendant did not testify and no other witnesses were called to substantiate his claim, his conclusory allegation of being unable to comprehend the proceedings was unsupported by the evidence (see, *People v Irizzary,* 125 AD2d 589). Thus, the court's decision to deny the defendant's motion to withdraw his plea was a proper exercise of discretion and should not be disturbed.

The defendant received precisely the sentence for which he freely and knowingly bargained, and which was promised to him at the time of his guilty plea. He cannot now complain that the sentence was harsh or excessive (see, *People v Hagzan, supra,* at 617; *People v Kazepis,* 101 AD2d 816). In any event, the court properly considered the defendant's prior criminal history, the seriousness of the crime, and the impact on the victim's family and society, and imposed a sentence which reflected the factors of deterrence, punishment and ensuring the safety of the community. Under these circumstances, the sentence was not excessive (see, *People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.