■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YERLI ANDRADE, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 3, 1990, convicting her of criminal possession of a controlled substance in the first degree, upon her plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated February 6, 1992, which denied her motion pursuant to CPL 440.10 to set aside the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The County Court properly rejected the defendant's contention that the search warrant obtained by the police was invalid on its face, since the warrant was issued upon a showing of probable cause to believe that an offense had been or was being committed, and that evidence of criminality was to be found in a certain place *(see, People v Bigelow,* 66 NY2d 417; *People v Schiavo,* 162 AD2d 639; *People v Londono,* 148 AD2d 753). Moreover, although the court did grant the defendant a hearing in connection with the execution of the warrant, the defendant pleaded guilty before any decision was rendered in connection with the hearing and withdrew all outstanding motions, thereby forfeiting her right to appellate review of the claims to be considered at the hearing *(see, e.g.,*

*People v Fernandez,* 67 NY2d 686, 688; *People v Prescott,* 66 NY2d 216, 220, *cert denied* 475 US 1150; CPL 710.70 [2]; *see also, People v Carty,* 173 AD2d 900, 901; *People v Newman,* 165 AD2d 745).

The defendant's assertion that the court should have held a *Wade* hearing is unpreserved for appellate review, inasmuch as no request for a *Wade* hearing was ever made *(see, People v Leakes,* 177 AD2d 714; *People v White,* 137 AD2d 859, 860). Contrary to the defendant's contentions, the record fails to support her assertions that she was coerced or misled by her attorney or "tricked" by the Trial Judge into pleading guilty *(see, People v Thompson,* 174 AD2d 702). Rather, the record indicates that the defendant knowingly and voluntarily made a complete plea allocution in the presence of competent counsel and after the court had fully apprised her of the consequences of her plea *(see, People v Hagzan,* 155 AD2d 616; *People v Wood,* 150 AD2d 411). Similarly, we conclude that the court properly denied the defendant's motion to set aside her conviction pursuant to CPL 440.10 on the grounds, *inter alia,* that her attorney coerced her *(see,* CPL 440.30 [4] [a]).

The defendant's remaining contentions, including those raised in her supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit *(see, People v Thompson, supra,* at 703; *People v Day,* 150 AD2d 595). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.