■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEL DRUMMOND, Appellant. [598 NYS2d 530] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered December 18, 1990, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him to a term of of 2 to 6 years, unanimously affirmed.

At the plea proceeding, defendant acknowledged that he had received no promise other than that made by the court with respect to the reduced charge to which defendant would plead, for which the term would be incarceration of 2 to 6 years. Defendant made his *Boykin* waivers, and allocuted to the facts of the crime. Defendant acknowledged that he had discussed the plea with counsel. Although at one point during the plea allocution, counsel mentioned a term of 2 to 4 years, rather than 2 to 6 years, the court immediately sought defendant's acknowledgement that the offer was 2 to 6 years. Whether counsel inadvertently had misspoken as to the maximum term of the offer, or the record entry of 2 to 4 years reflected a transcription error, there was no credible dispute at the plea proceeding that in exchange for defendant's plea of guilty, he would be sentenced to 2 to 6 years incarceration. There is no support for defendant's present claim that his attorney at the plea proceeding did not understand the bargained for sentence, or that defendant was mistaken as to the term to be imposed *(see, e.g., People v Davis,* 172 AD2d 683, *lv denied* 78 NY2d 964; *People v Curet,* 176 AD2d 160, *lv denied* 78 NY2d 1127). The plea minutes are clear and unequivocal that defendant's plea was knowing, intelligent, and voluntary.

The court properly exercised its discretion in summarily denying the motion.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.