■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. McCLURE, Appellant. [653 NYS2d 957] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered April 5, 1995, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of May 17, 1994, the defendant raped a local waitress in Wallkill, New York. In exchange for a promised sentence of not more than 5 to 15 years imprisonment, the defendant pleaded guilty to rape in the first degree. The court sentenced him to 4 to 12 years imprisonment. On appeal, the defendant complains that his counsel was ineffective, that the court should have held a hearing on his motion to dismiss the indictment based upon violation of his right to a speedy trial (*see,* CPL 30.30), and that his sentence was excessive. The defendant's contentions are without merit.

It is well established that where a defendant, on the advice of counsel, has entered a plea of guilty and reaped the benefits of a favorable plea bargain which substantially limits his exposure to imprisonment, he has received adequate representation (*see, e.g., People v Mobley,* 221 AD2d 376; *People v Navedo,* 137 AD2d 726). Here, had a jury convicted the defendant of rape in the first degree, he could have received a sentence of $8^{1}/_{3}$ to 25 years imprisonment, rather than the sentence of 4 to 12 years imprisonment actually imposed with the assistance of counsel.

Moreover, violations of a defendant's statutory right to a speedy trial (CPL 30.30) are waived by a plea of guilty (*see, e.g., People v Grandberry*, 223 AD2d 723; *People v Jones*, 214 AD2d 623). In any event, there is no merit to the defendant's contention that he was deprived of his right to a speedy trial, or that the County Court should have held a hearing on the matter. The defendant was arrested and arraigned on a felony complaint on May 17, 1994. His arraignment on the indictment took place on July 7, 1994, less than two months later. The People's statement of readiness, dated June 30, 1994, and received by defense counsel on July 2, 1994, was not "illusory" merely because it antedated the defendant's timely arraignment (*cf., People v England*, 84 NY2d 1; *see also, People v Goss*, 87 NY2d 792).

The defendant's sentence was knowingly and freely bargained for (*see, e.g., People v Kazepis*, 101 AD2d 816; *see also, People v Hagzan*, 155 AD2d 616; *People v De Simone*, 112 AD2d 443), and was appropriate under the circumstances (*see, People v Reyes*, 144 AD2d 394; *People v Suitte*, 90 AD2d 80). Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ.,concur.