■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY LAND, Appellant. [757 NYS2d 779] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 3, 2001, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not knowingly, intelligently, and voluntarily waive his right to appeal (*see People v Seaberg*, 74 NY2d 1, 11 [1989]). However, by pleading guilty, he forfeited his right to seek review of any alleged *Rosario* violation (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866; *People v Knickerbocker*, 230 AD2d 753 [1996]; *People v Agyman*, 204 AD2d 731 [1994]). Further, the defendant's *Rosario* claim relates to the suppression hearing which was not concluded because he pleaded guilty (*see generally People v Fernandez*, 67 NY2d 686 [1986]; *People v Holmes*, 268 AD2d 597 [2000]; *People v Corti*, 88 AD2d 345 [1982]).

The defendant was not denied the effective assistance of counsel. He obtained a favorable plea which limited his term of imprisonment, and there is nothing in the record which casts doubt on counsel's effectiveness (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Scalzo*, 249 AD2d 494 [1998]). In fact, at the time of his plea, the defendant stated that he was satisfied with his legal representation (*see People v Bristol*, 273 AD2d 248 [2000]). Altman, J.P., Smith, McGinity and Cozier, JJ., concur.