THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PHILIPS, Appellant. [817 NYS2d 373]—

Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Belfi, J.), entered January 31, 2003, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered April 10, 2000, convicting him of rape in the first degree, sodomy in the first degree (two counts), and attempted sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

Contrary to the defendant's contention, the County Court properly denied, without a hearing, those branches of his motion which were to vacate his judgment of conviction on the ground that the People did not disclose various statements made by witnesses (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; *Brady v Maryland,* 373 US 83 [1963]).

By pleading guilty, the defendant forfeited his right to seek review of any alleged *Rosario* or *Brady* violation (*see People v Land,* 304 AD2d 774 [2003]; *People v Knickerbocker,* 230 AD2d 753 [1996]; *People v Thompson,* 174 AD2d 702, 704 [1991]). We reject the defendant's contention that, since he did not waive

his right to appeal, the *Brady* claim is subject to review (*cf. People v Mack,* 53 NY2d 803, 806 [1981]; *People v Land, supra*). We also reject the defendant's contention that he did not forfeit his *Brady* claim because he entered into a *Serrano/Alford* plea and thus did not admit guilt (*cf. People v Green,* 75 NY2d 902, 904-905 [1990], *cert denied* 498 US 860 [1990]; *People v Thompson, supra* at 704).

The County Court properly rejected the defendant's claims relating to alleged newly-discovered evidence. CPL 440.10 (1) (g) is limited, by its very terms, to evidence discovered "since the entry of a judgment based upon a verdict of guilty after trial." The defendant pleaded guilty, so the statute does not apply here (*see People v Sides,* 242 AD2d 750, 751 [1997]). Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.