◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMARLIE GORDON, Appellant. [966 NYS2d 214]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered January 25, 2011, convicting him of attempted robbery in the first degree, upon his plea of guilty (Holdman, J.), and imposing sentence. The appeal brings up for review the denial (Holdman, J.),

without a hearing, of the defendant's motion to withdraw his plea of guilty.

Ordered that the judgment is affirmed.

The County Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. A motion to withdraw a plea of guilty is addressed to the sound discretion of the County Court, and its determination generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780 [2005]; *People v Dazzo*, 92 AD3d 796 [2012]; *People v Caruso*, 88 AD3d 809 [2011]; *People v Amanze*, 87 AD3d 1159 [2011]). The record supports the County Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]). The defendant's contention that he did not understand the proceeding against him because he was on medication is belied by the transcript of the plea proceeding, which reveals, through a colloquy between the defendant and the court, that the defendant did not lack the capacity to understand the proceeding against him or to assist in his own defense, and which shows that he answered all of the court's questions appropriately, allocuted to the crime, and expressly acknowledged that he understood what he was doing and that he was pleading guilty because he was in fact guilty (*see People v Keiser*, 100 AD3d 927 [2012]; *People v Ramos*, 77 AD3d 773, 774 [2010]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Martinez*, 33 AD3d 631 [2006]). The record also belies the defendant's postplea claim that he was "tricked" by the Judge into pleading guilty (*see People v Andrade*, 190 AD2d 678, 679 [1993]), as well as his claim that he was not guilty, which he made at the sentencing proceeding and to his probation officer during his presentence interview (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Soria*, 99 AD3d 1027 [2012]; *People v Gibson*, 95 AD3d 1033, 1033-1034 [2012]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.