OPINION OF THE COURT
Memorandum.
Ordered that so much of the appeal as is from the judgment convicting defendant of attempted criminal contempt in the second degree is dismissed as abandoned; and it is further, ordered that the judgment convicting defendant of stalking in the fourth degree is affirmed.
In satisfaction of multiple charges, defendant pleaded guilty, pursuant to a negotiated plea agreement, to stalking in the fourth degree (Penal Law § 120.45) and attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]), and he waived his right to appeal. On appeal, defendant contends that the information charging him with stalking in the fourth degree is jurisdictionally defective.
In order for an information to be facially sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1]; see People v Casey, 95 NY2d 354, 360 [2000]). These requirements — with the exception of a claim of hearsay, which is waived if it is not raised in a timely motion, and forfeited as a consequence of a guilty plea (see People v Keizer, 100 NY2d 114, 121 [2003]) — are jurisdictional (see People v Casey, 95 NY2d at 363-365), and defendant’s jurisdictional challenge survives both a guilty plea and the waiver of the right to appeal (People v Oliveri, 49 AD3d 1208, 1209 [2008]; see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hansen, 95 NY2d 227, 230-231 [2000]; People v June, 30 AD3d 1016, 1017 [2006]). The law does not require that the most precise words or phrases which most clearly express the thought be provided in an information, but only that the crime be alleged and the specifics set forth so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense (People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360).
*54 Penal Law § 120.45 provides, in pertinent part:
“A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct: . . .
“2. causes material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person’s immediate family or a third party with whom such person is acquainted, and the actor was previously clearly informed to cease that conduct.”
Contrary to defendant’s contention, the information is not jurisdictionally defective. The supporting deposition of Patricia Calvert accompanying the information (see CPL 100.20, 100.40 [1] [b]) contains the allegation that she had asked defendant to stop following her and contacting her, “but he continues.” As a matter of “common sense and reasonable pleading” (People v Davis, 13 NY3d 17, 31 [2009]; see also People v Casey, 95 NY2d at 360), this allegation sufficiently sets forth facts (see People v Thomas, 4 NY3d 143, 146 [2005]) which establish that defendant was “previously clearly informed to cease that conduct” (Penal Law § 120.45 [2]). The statute does not require that the information contain an allegation stating the precise time when, and the exact place where, a defendant “was previously clearly informed to cease that conduct” (Penal Law § 120.45 [2]). The factual allegations contained in the supporting deposition indicate that Ms. Calvert had previously advised defendant to cease the offensive conduct within a reasonable period of time prior to the incident.
For pleading purposes, the requisite mental state may be alleged on the basis of a logical inference from the act itself or upon the surrounding circumstances (People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Proof of a state of mind, such as guilty knowledge or intent, absent a confession, is normally based on circumstantial evidence (see People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U], *2; see also People v Johnson, 65 NY2d 556, 561 [1985]; People v Mackey, 49 NY2d 274, 279 [1980]; People v Collins, 178 AD2d 789, 789 [1991]; People v Prevete, 10 Misc 3d 78 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Ramnauth, 8 Misc 3d 128[A], 2005 NY Slip Op 50968 [U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2005], citing People v Bracey, 41 NY2d 296, 301 *55 [1997]). “Since ‘intent’ is an operation of the mind and cannot be the subject of a nonhearsay evidentiary allegation, it [is] not necessary to repeat the intent allegation in the factual part. . . . It is necessary only that there be alleged evidentiary facts from which intent may be inferred” (People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U], *2 [citations omitted]; see People v Dasilva, 21 Misc 3d 141[A], 2008 NY Slip Op 52374[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Furthermore, contrary to defendant’s contention, Ms. Calvert alleged in her supporting deposition that defendant’s conduct caused her emotional distress and that she feared for her safety. In our view, the allegations contained in the information sufficiently alleged facts which establish that defendant knew or reasonably should have known that his conduct “causes material harm to the mental or emotional health” of the targeted person (Penal Law § 120.45 [2]).
The statute’s requirement that the defendant’s conduct have “ ‘no legitimate purpose’ means the absence of a reason or justification to engage someone, other than to hound, frighten, intimidate or threaten” (People v Stuart, 100 NY2d 412, 428 [2003]). Here, the information alleged that, between June 27, 2010 and August 19, 2010, defendant “constantly showed up at [Patricia Calvert’s] place of employment,” called and texted her, and went to her residence at all hours of the day and night. Ms. Calvert’s supporting deposition provides that she had asked defendant to “stop following [her] and contacting [her] but he continues.” Additionally, she alleged that, on August 19, 2010, defendant walked into her home uninvited and refused to leave when she asked him to do so. She further alleged that defendant had been following her for days, that he had gone to her place of employment — from which she had been fired due to defendant’s behavior — and that he had contacted her by telephone on August 19, 2010. As a result, “[t]he common understanding” (People v Stuart, 100 NY2d at 428) of the phrase “no legitimate purpose” under Penal Law § 120.45 (2) put defendant on notice that his pursuit of Ms. Calvert was unlawful. The sheer volume of unwanted contact and communications can establish the “no legitimate purpose” element of Penal Law § 120.45 (2) (see People v Sonee, 25 Misc 3d 128[A], 2009 NY Slip Op 52076[U] [App Term, 1st Dept 2009]). Thus, the information herein served its fundamental purpose — to afford defendant his due process right to a fair opportunity to prepare a defense and to avoid being charged twice with the same offense (People v Casey, 95 NY2d at 360).
*56 Moreover, regardless of whether defendant waived his right to appeal or not, his contention — that, in effect, the People improperly withheld Rosario and Brady materials from him— was forfeited by pleading guilty (see People v Huggins, 105 AD3d 760 [2013]; People v Kidd, 100 AD3d 779 [2012]; People v Philips, 30 AD3d 621 [2006]; People v Knickerbocker, 230 AD2d 753 [1996]).
Accordingly, the judgment convicting defendant of stalking in the fourth degree is affirmed. So much of the appeal as is from the judgment convicting defendant of attempted criminal contempt in the second degree is dismissed as abandoned, as no issue was raised on appeal with respect thereto.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.