The People of the State of New York, Respondent,
against
Melissa Eames, Appellant.




Patricia Weiss, Esq., for appellant.
District Attorney Suffolk county (Grazia DiVincenzo of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Riverhead, Suffolk County (Allen M. Smith, J.), rendered June 1, 2015. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged with harassment in the second degree (Penal Law § 240.26 [2]), in that, with intent to harass, annoy or alarm another person, she had followed a person in a public place. After a nonjury trial, defendant was found guilty. On appeal, defendant contends, among other things, that the accusatory instrument is jurisdictionally defective. For the reasons that follow, we agree.
A " valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Afilal, 26 NY3d 1050, 1051 [2015],quoting People v Case, 42 NY2d 98, 99 [1977]). As the record does not reveal that defendant waived prosecution by information (see People v Dumay, 23 NY3d 518, 522 [2014]), the standard of review of the sufficiency of the accusatory instrument is that applicable to informations (see CPL [*2]100.40 [1]; 170.65 [3]; People v Jackson, 18 NY3d 738, 741 [2012]; see also People v Kalin, 12 NY3d 225, 228 [2009]). The purpose of an information is to "ensure[] that a legally sufficient case can be made against the defendant" (Dumay, 23 NY3d at 522), and an information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offenses charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]). However, by failing to timely object, defendant waived any complaint that the allegations in the accusatory instrument were hearsay (see People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d 354, 362-363 [2000]; People v Glover, 41 Misc 3d 143[A], 2013 NY Slip Op 52059[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
The accusatory instrument contains the allegation that defendant, while traveling in an automobile, followed the complainant for a quarter of a mile on Neck Path. However, the additional facts contained in the complainant's sworn statement annexed to the accusatory instrument indicated that the complainant had been followed by another automobile operated by defendant's husband, who had forced the complainant off the road, and that defendant had actually arrived on the scene some time after the complainant's encounter with defendant's husband. In our view, these additional facts negated the essential element that defendant had in fact followed the complainant within the meaning of Penal Law § 240.26 (2) (see generally Afilal, 26 NY3d at 1052; People v Brown, 54 Misc 3d 138[A], 2017 NY Slip Op 50143[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
In any event, to establish that defendant had the requisite mental state, it is necessary that there be alleged evidentiary facts—stemming from the act itself or upon the surrounding circumstances—from which intent may be inferred (see People v Bracey, 4 NY2d 296, 301 [1977]; People v Kwas, 52 Misc 3d 52 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). The information charging defendant with harassment in the second degree contains no factual allegations establishing "that defendant had any interaction with [the complainant] while following [her], or that defendant followed [the complainant] so closely"; thus, the allegations "fell short of establishing that defendant harbored the requisite intent to harass, annoy or alarm when [s]he [allegedly] follow[ed]" the complainant (People v Hoffstead, 28 Misc 3d 16, 21 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [hearing testimony failed to establish intent to harass annoy or alarm and did not demonstrate the existence of probable cause for the defendant's arrest for harassment in the second degree]; see People v Tomossone, 37 Misc 3d 131[A], 2012 NY Slip Op 51978[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Whereas no particular intent can be inferred from defendant's alleged acts or upon the surrounding circumstances, the information is jurisdictionally defective and must be dismissed.
In view of the foregoing, we pass on no other issues raised on appeal.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Marano, P.J., and Iannacci, J., concur.
Garguilo, J., taking no part.
Decision Date: May 23, 2017