■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [60 NYS3d 191]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered January 8, 2016, convicting him of murder in the second degree and attempted aggravated murder, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defendant validly waived his right to appeal, his contention concerning the voluntariness of his plea of guilty survives his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Molina*, 146 AD3d 815 [2017]; *People v May*, 138 AD3d 1146 [2016]; *People v Murphy*, 114 AD3d 704 [2014]). In this regard, the defendant contends that his plea of guilty was not knowing, voluntary, or intelligent because the County Court failed to inquire as to his mental capacity prior to the imposition of sentence. This contention need not have been raised by counsel in order for the defendant to raise it on appeal, since the record reveals that, at sentencing, defense counsel brought to the court's attention that the presentence report documented the defendant's past psychological treatment and issues as late as 2013 (*see People v Catapano*, 73 AD2d 975 [1980]). However, defense counsel also stated that the defendant did not want to withdraw his plea of guilty because, inter alia, he did not want to put the victim's family and his children through a trial. The defendant made a statement of apology to the victim's family during sentencing. The transcript of the plea proceeding in December 2015 reveals, through a colloquy between the defendant and the court, that the defendant did not lack the capacity to understand the proceeding against him, or to proceed in his own defense. The record shows that he answered all of the court's questions appropriately, allocuted to the crime, and expressly acknowledged that he understood what he was doing and that he was pleading guilty because he was, in fact, guilty (*see People v Gordon*, 107 AD3d 739 [2013]; *People v Keiser*, 100 AD3d 927 [2012]). Under these circumstances, the court providently exercised its discretion in determining that the defendant's plea of guilty was knowing, intelligent, and voluntary without the further need of an inquiry as to the defendant's mental capacity.

The defendant's valid waiver of the right to appeal precludes

appellate review of his contention that the sentence imposed was excessive (*see People v Palladino*, 140 AD3d 1194, 1195 [2016]; *People v Duchatellier*, 138 AD3d 887 [2016]). Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.