Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Bogle, J.), rendered July 8, 2016, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that the Supreme Court erred in failing to order an examination of him pursuant to CPL 730.30 prior to the imposition of sentence implicates the voluntariness of his plea of guilty and, therefore, is not precluded by his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Rodriguez, 152 AD3d 800, 800 [2017]).
 

 The Supreme Court providently exercised its discretion in denying the defendant’s request to order an examination pursuant to CPL 730.30 prior to the imposition of sentence. While the presentence report indicated that the defendant had some history of psychiatric care and treatment, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of his plea. The transcript of the plea proceeding shows that the defendant answered all of the court’s questions appropriately, al-locuted to the crime, and acknowledged that he understood what he was doing and that he was pleading guilty because he was, in fact, guilty (see People v Rodriguez, 152 AD3d 800 [2017]; People v Gordon, 107 AD3d 739 [2013]; People v Reiser, 100 AD3d 927 [2012]). In denying the defendant’s request for an examination order pursuant to CPL 730.30, the court properly relied on the plea allocution and its own recollection of the defendant’s demeanor and responses (see People v Brooks, 89 AD3d 747, 747 [2011]; see also People v Rodriguez, 152 AD3d 800 [2017]; People v DeBenedetto, 120 AD3d 1428 [2014]).
 

 The defendant’s valid wavier of his right to appeal precludes appellate review of the denial of that branch of his motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to testify before the grand jury (see People v Bajramaj, 54 AD3d 769 [2008]; People v DeLuca, 45 AD3d 777 [2007]).
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.