People v Johnson (2018 NY Slip Op 05604)





People v Johnson


2018 NY Slip Op 05604


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-05709
 (Ind. No. 16-00682)

[*1]The People of the State of New York, respondent,
v
Nija Johnson, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered April 20, 2017, convicting him of murder in the second degree (two counts) and attempted murder in the second degree (five counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant's waiver of the right to appeal was made knowingly, voluntarily, and intelligently (see People v Bradshaw, 18 NY3d 257, 264). Contrary to the defendant's contention, the County Court did not improperly suggest that the appeal waiver was mandatory rather than a right which the defendant was being asked to voluntarily relinquish (cf. People v Palaez, 100 AD3d 803, 803). Rather, the court explained that the defendant's voluntary waiver of his right to appeal was a condition of the plea agreement offered by the People. The imposition of such a condition is permissible (see People v Lopez, 6 NY3d 248, 255; People v Singh, 158 AD3d 824, 825).
Although the defendant validly waived his right to appeal, his contention that the County Court improvidently exercised its discretion in failing to order that the defendant be examined pursuant to CPL 730.30 prior to imposition of the sentence, which implicates the voluntariness of the defendant's plea of guilty, survives his appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Rodriguez, 152 AD3d 800, 800).
However, contrary to the defendant's contention, the County Court providently exercised its discretion in declining to sua sponte order an examination pursuant to CPL 730.30 prior to imposition of the sentence. While the presentence report indicated that the defendant had had past psychiatric care and treatment, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of his plea (see People v Blaylock, 156 AD3d 810, 810-811; People v Rodriguez, 152 AD3d at 800; People v DeBenedetto, 120 AD3d 1428, 1429). The transcript of the plea proceeding shows that the defendant answered all of the court's questions appropriately, allocuted to the crimes, and acknowledged that he understood what he was doing and that he was [*2]pleading guilty because he was, in fact, guilty (see People v Blaylock, 156 AD3d at 811; People v Rodriguez, 152 AD3d at 800).
The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court