The People of the State of New York, Respondent,
against
Anthony Sawyer, Appellant.





Appellate Advocates (Sean H. Murray of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Ann Bordley of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Alexander B. Jeong, J.), rendered March 27, 2015. The judgment convicted defendant, after a nonjury trial, of attempted criminal possession of a controlled substance in the seventh degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On October 2, 2014, the People charged defendant, in a superseding information, with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) based on his possession of 10 glassine envelopes alleged to contain heroin. Thereafter, the charge was reduced to attempted criminal possession of a controlled substance in the seventh degree (Penal Law §§ 110.00, 220.03). At a nonjury trial, several police witnesses testified to defendant's possession of the contraband while seated in his parked vehicle and to his attempt to conceal the contraband upon their approach. In addition, an evidence analyst testified that his test of the envelopes' contents proved positive for the presence of heroin. Following the trial, the Criminal Court convicted defendant of the offense.
On appeal, defendant contends that, absent proof that the heroin control sample and spectrograph, the "known standards" against which the test results were compared, were accurate, the analyst's positive comparison of the test results with either standard was insufficient to [*2]establish the identity of the tested material beyond a reasonable doubt. Insisting that the offense cannot be proven unless the tested substances were, in fact, heroin, defendant concludes that the evidence was legally insufficient to support the conviction and, in any event, that the verdict was against the weight of the evidence.
It is well settled that "the existence of a controlled substance is not an element of the crime of attempted criminal possession of a controlled substance" (People v Brooks, 127 AD3d 1407, 1408 n 2 [2015]; see e.g. People v Jackson, 121 AD3d 1185, 1188 [2014]; People v Sessions, 181 AD2d 842, 843 [1992]). Thus, the People can establish a defendant's guilt of the offense merely by proving, beyond a reasonable doubt, that the defendant "mistakenly believed the substance he or she sold [or possessed] was a controlled substance, when in fact it was not" (People v Alameen, 264 AD2d 937, 938 [1999]; see also People v Navarro, 143 AD3d 522, 524 [2016]; People v Jackson, 121 AD3d at 1188). If it were proved that what a defendant possessed was, in fact, a controlled substance, a defendant's state of mind could be established, since mere possession may "suffice to permit the inference that the possessor knows the nature of what is possessed" (People v Sanchez, 86 NY2d 27, 33 [1995] [emphasis omitted]). As was stated in People v Kirkpatrick (32 NY2d 17, 23 [1973]):
"Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially . . . if it is in his hands, on his person, in his vehicle, or on his premises. . . . In the case of contraband its possession is a crime per se, and hence the inference of guilt, that is, knowledgeable possession, is as strong as is the case . . . with stolen goods" (see e.g. People v Garcia-Toro, 155 AD3d 1086, 1087 [2017]; People v VanVorst, 118 AD3d 1035, 1036 [2014]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the proof was legally sufficient to establish, at the very least, that defendant believed that the substance he possessed was heroin. An actor's state of mind may be proved "both [by] his [or her] actions and the surrounding circumstances" (People v Johnson, 106 AD3d 1272, 1278 [2013]; see People v Johnson, 65 NY2d 556, 561 [1985] ["guilty knowledge . . . may be shown circumstantially by conduct and events"]; People v Kwas, 52 Misc 3d 52, 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2016] ["[p]roof of a state of mind, such as guilty knowledge or intent, absent a confession, is normally based on circumstantial evidence"]). Defendant possessed what several trained and experienced police officers testified were substances exhibiting the color and texture of heroin and which were contained within glassine envelopes, that is, multiple identical wrappings (indicating discrete quantities intended for individual sale), each bearing a product stamp which appeared to have no other meaning than to identify the contents, perhaps as to quality, for knowledgeable purchasers in the illicit market. Further, upon making eye contact with a uniformed police officer, defendant engaged in furtive conduct, crumpling what he possessed inside a newspaper and secreting it under the automobile seat and console, even as another person present discarded identical glassine envelopes underneath defendant's vehicle. In view of the foregoing, whether the substance was actually heroin or another substance, "controlled" or otherwise, which resembled heroin and was packaged like heroin, the proof was legally sufficient to establish that [*3]defendant believed the substance to be heroine.
Finally, in reviewing whether the verdict was against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and assess their credibility (People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the testimonies of the People's witnesses were " 'coherent, internally and collectively consistent, and generally credible' " as to the material issues (People v Zgonena, 61 Misc 3d 134[A], 2018 NY Slip Op 50507[U], *4 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], quoting People v Broomfield, 55 Misc 3d 137[A], 2017 NY Slip Op 50506[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and justify the weight evidently accorded the testimonies by the Criminal Court (see People v Garafolo, 44 AD2d 86, 88 [1974]).
In light of the foregoing, we need not address defendant's remaining contention.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 11, 2019