People v Watson (2020 NY Slip Op 06562)





People v Watson


2020 NY Slip Op 06562


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-05994
 (Ind. No. 185/17)

[*1]The People of the State of New York, respondent,
v
Steven Watson, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 13, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342).
Although the defendant validly waived his right to appeal, his contention concerning the voluntariness of his plea of guilty survives his appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Rodriguez, 152 AD3d 800, 800). However, the defendant's contention that his plea of guilty was not entered voluntarily due to his psychiatric condition is unpreserved for appellate review, as he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665-666; People v Leasure, 177 AD3d 770, 772). Moreover, the exception to the preservation requirement does not apply here, since the plea allocution did not cast significant doubt upon the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Ospina, 175 AD3d 513, 514; People v Peralta, 171 AD3d 948, 948). In any event, the defendant's contention is without merit, as the record as a whole affirmatively demonstrates that the defendant entered his plea knowingly, voluntarily, and intelligently (see People v Ospina, 175 AD3d at 514; People v Narbonne, 131 AD3d 626, 627).
The defendant's valid waiver of the right to appeal precludes appellate review of his contentions that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Ovalles, 161 AD3d 1107, 1108), and that the procedure used to adjudicate him a second felony offender was defective (see People v Ovalles, 161 AD3d at 1108; People v Thomas, 148 AD3d 734, 734).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court