■ The People of the State of New York, Respondent, v. Humberto Esajerre, Appellant.— Judgment, Supreme Court, New York County, rendered on April 21, 1972, convicting defendant, upon his plea of guilty, of criminal possession of a dangerous drug in the second degree, affirmed. The fact that defendant withdrew his motion to suppress and took a plea, as above indicated, by itself, does not establish either "confusion" or "coercion", as found in the dissent. Unlike the defendant in *People* v. *White* (32 N Y 2d 393) this defendant had a full opportunity to assess the advantages and disadvantages of a trial, as compared to those attending a plea. Unlike the defendant in *People* v. *White* (*supra*) this defendant did have time to apprehend the relevant circumstances and consequences of his waiver. In fact, after both sides had rested at

the hearing on the motion to suppress, defendant requested and received two adjournments in order to permit him to weigh and consider his alternatives. In other words, this defendant and his counsel *were* " given ample opportunity to weigh the relative merits of the plea offered against the hazards of a trial ". (*People* v. *White, supra,* p. 400.) Concur — Kupferman, Murphy and Capozzoli, JJ.; Nunez, J. P., and Lane, J., dissent in the following memorandum by Lane, J.: We dissent. The defendant pleaded guilty to criminal possession of a dangerous drug in the second degree, which at the time was punishable by a sentence of up to 25 years' imprisonment. The top count of the indictment was a Class A felony, the sentence for which would be life imprisonment with a mandatory minimum sentence of 15 years. The defendant is a Chilean national. Plea negotiations were being held in the midst of a hearing on a motion to suppress. The court stated: " All right. I will give you an opportunity to prepare your argument * * * However, you must understand that at the conclusion of your arguments tomorrow morning and at the time that the decision is rendered, if it's rendered tomorrow morning, that we will proceed to select a jury in this case." The Assistant District Attorney contributed to the discussion by stating that he would recommend acceptance of the plea " with the clear understanding by the defendant that by withdrawing his motion to suppress, he gives up all grounds upon which to appeal his conviction; that he has no basis to appeal any search or any seizure or any conviction, and when the motion to suppress is withdrawn, then the People would not be opposed to allowing the defendant to plead guilty to the class B felony." Counsel for the defense noted for the record that he was under great pressure. He said: " In view of the discussion I had with the district attorney with reference to the fact that if the motion is denied, we will not be able to discuss the disposition, your Honor, I would then ask for the time for the defendant, at least until tomorrow morning, to decide his — whether he wants to plead, as the Court has stated, without any promises, or continue with the motion, arguments and then to trial * * * I do realize we have had a number of delays, but again I point out to the Court this is a rather serious charge here, and I think the defendant should be allowed as much time as possible within reason, of course, to decide for himself what he desires. As an attorney I do not — I feel uncomfortable in the position where I'm being pressured from both the D.A.'s side and the Court's side to make a decision." The plea accepted under these circumstances cannot be considered to involve a voluntary waiver of the right to pretrial hearings and trial by jury. It smacks of that confusion (cf. *People* v. *Nixon,* 21 N Y 2d 338, 350-351; *People* v. *Beasley,* 25 N Y 2d 483, 487) and coercion (cf. *People* v. *White,* 32 N Y 2d 393) which warrant reversal and remand for a complete hearing on the merits. Accordingly, the conviction should be reversed and the matter remanded for a full suppression hearing, at which time the defendant, fully apprised of his rights, may make an intelligent and knowledgeable decision with regard to the plea available.