■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO OCHOA, Appellant

It is well settled that the right of a defendant to withdraw a previously entered guilty plea rests within the sound discretion of the sentencing court *(see,* CPL 220.60 [3]; *People v O'Callaghan,* 171 AD2d 706; *People v Hagzan,* 155 AD2d 616). Here, the court conducted a lengthy and complete allocution in the presence of competent counsel and the defendant was fully advised of the consequences of pleading guilty, including the sentencing limitations *(see, People v Harris,* 61 NY2d 9). The defendant's claim that he did not understand what he was doing when he accepted the offered plea because he had suffered a heart attack and had become very depressed, is belied by his statements and observed demeanor at the plea *(see, People v Bangert,* 107 AD2d 752). Nor was the defendant's conclusory allegation of being unable to comprehend the proceedings supported by any evidence *(see, People v Irizzarry,* 125 AD2d 589). Moreover, following the defendant's assertions, the court afforded his attorney an opportunity to be heard. Having provided the defendant and his counsel an opportunity to make out his claim, the court found that the defendant clearly knew what he was doing when he accepted the offered plea and admitted his guilt under oath. This factual finding is supported by the record. Thus, the court's decision to deny the defendant's request to withdraw his guilty plea and directing

him to proceed to sentence was a proper exercise of discretion and should not be disturbed. Furthermore, neither the defendant nor counsel provided any substantiation for the defendant's belated claim of innocence. A defendant is "not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel" *(People v Dixon,* 29 NY2d 55, 57; *see also, People v Smith,* 157 AD2d 871).

With regard to the defendant's further claim that his sentence is excessive under the circumstances of this case, it should be noted that the defendant, while represented by competent counsel at his plea allocution, validly waived his right to seek appellate review of his sentence. The State's interest in finality "extends to the sentence itself and to holding defendants to bargains they have made" *(People v Seaberg,* 74 NY2d 1, 10). We also observe that the defendant received precisely the sentence he freely and knowingly bargained for, and which was promised to him at the time of his guilty plea and he cannot now complain that the sentence was harsh or excessive *(see, People v Hagzan,* 155 AD2d 616, *supra; People v Kazepis,* 101 AD2d 816). In any event, the court properly considered the defendant's personal history, the seriousness of the crime, the impact on the victim's family and society, and imposed a sentence which reflected the factors of deterrence, punishment and ensuring the safety of the community. Under these circumstances, the sentence was appropriate *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.