■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BATTS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered April 13, 1989, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to raise any objection to the adequacy of his plea allocution in the court of first instance, and, accordingly, has not preserved his claims for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Nicastro,* 114 AD2d 979). In any event, the record reveals that the defendant "was represented by counsel, that he discussed his plea with the court, that he understood that he was waiving a jury trial and the meaning of the guilty plea, and that he wished to plead guilty and acknowledged the facts of his offense" *(People v Harris,* 61 NY2d 9, 21).

The defendant moved to replace a Legal Aid Society attorney with an attorney on the 18-B Panel, arguing that his Legal Aid attorney did not have enough felony trial experience. The defendant contends that because the court refused to grant the motion he was "coerced" into pleading guilty. We

disagree. While an indigent defendant has a right to a court-appointed lawyer, he does not have the right to his choice of assigned counsel *(see, People v Willis,* 147 AD2d 727), or to a lawyer whose qualifications meet the defendant's precise specifications. Where, as here, the defendant's request for new counsel is "based on conclusory and unsubstantiated remarks concerning assigned counsel's performance", the trial court did not improvidently exercise its discretion in denying the defendant's application without a hearing *(People v Amezquita,* 155 AD2d 278).

In addition, the defendant, who had prior experience with criminal proceedings *(see, People v Meegan,* 59 AD2d 576), was afforded a two-week adjournment by the court to reflect on the terms of the plea agreement *(see, People v Esajerre,* 43 AD2d 541, *affd* 35 NY2d 463), and received the sentence that he bargained for *(see, People v Wilder,* 124 AD2d 846, 848; *People v Kazepis,* 101 AD2d 816), which was also the minimum sentence allowable by law. Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.