■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DURANT, Appellant. [604 NYS2d 216] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 5, 1990, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty is invalid because the record raises questions about the voluntariness of the plea is unpreserved for appellate review, since the defendant neither moved to withdraw the plea prior to sentencing, nor moved to vacate the judgment of conviction *(see, People v Pellegrino,* 60 NY2d 636; *People v Batts,* 186 AD2d 208; *People v Artis,* 186 AD2d 259). In any event, the record is clear that the court conducted a sufficient and thorough allocution during which the defendant admitted that he intentionally shot and killed his landlord. At no time throughout the proceeding was there any indication that the defendant did not understand his rights or any of the ramifications of pleading guilty. Accordingly, the record demonstrates that the plea was entered into knowingly, intelligently, and voluntarily *(see, People v Harris,* 61 NY2d 9).

In addition, under the circumstances, the court was not required to conduct a further inquiry into the defendant's mental competence to plead guilty. Considering that the defendant provided appropriate and competent answers to the trial court's inquiries, and in view of the fact that two court-appointed psychiatrists and the defendant's own expert concluded that defendant was fit to proceed to trial, "the record provides ample basis upon which to conclude that the defendant was competent to proceed at the time his guilty plea was entered" *(People v Valente,* 125 AD2d 430; *see also, People v Riginio,* 168 AD2d 693; *People v Bostick,* 124 AD2d 811). Nor was the plea proceeding defective because the defendant did

not provide a factual recitation of the crime in his own words. "A plea of guilty will be sustained in the absence of a factual recitation of the underlying circumstances of the crime if there is no suggestion in the record or dehors the record that the guilty plea was improvident or baseless" *(People v Doceti,* 175 AD2d 256, citing *People v Richardson,* 114 AD2d 980; *People v Perkins,* 89 AD2d 956; *see also, People v Lowe,* 149 AD2d 939).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.