■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL GAYLE, Appellant. [638 NYS2d 733] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Barasch, J.), both rendered February 3, 1994, convicting him of criminal possession of a controlled substance in the fourth degree under Indictment No. 8073/93 and attempted criminal sale of a controlled substance in the third degree under Indictment No. 9662/93, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the court improperly imposed a greater sentence than what had been promised is not preserved for appellate review as he neither objected to the sentence on that ground nor moved to vacate his plea *(see, People v Ellis,* 162 AD2d 701). In any event, when the defendant failed to comply with a condition of his plea agreement, to appear on the scheduled sentencing date, the court was free to impose the enhanced sentence *(see, People v Figgins,* 87 NY2d 840; *People v Thorpe,* 189 AD2d 903). We note that the court actually imposed a lesser sentence than it had promised in the event that the defendant violated any conditions of his plea. Under the circumstances, he cannot now be heard to complain *(see, People v Kazepis,* 101 AD2d 816).

Contrary to his contention, the defendant received the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). The defendant's attorney negotiated an advantageous plea agreement that substantially limited the defendant's exposure to imprisonment *(see, People v Ladelokun,* 192 AD2d 723; *People v Chestnut,* 188 AD2d 480).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.