■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RODNEY, Appellant. [666 NYS2d 441] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered June 5, 1995, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record indicates that he understood the proceedings against him and that he

was able to assist in his defense. Moreover, two psychiatrists found him competent to stand trial. Accordingly, we find that the trial court did not improvidently exercise its discretion by determining that he was competent to stand trial (*see, People v Rowley,* 222 AD2d 718; *People v Picozzi,* 106 AD2d 413). Moreover, the court properly permitted the defendant to continue *pro se,* since a defendant who is competent to stand trial is necessarily competent to waive his right to counsel (*see, People v McIntyre,* 36 NY2d 10; *People v Schoolfield,* 196 AD2d 111).

The court was within its discretion to deny the defendant's request for public funds to obtain a hypnotism expert (*see, People v Hughes,* 59 NY2d 523; *People v Cronin,* 60 NY2d 430; *People v Carpenter,* 240 AD2d 863).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit (*see, People v Galloway,* 54 NY2d 396). Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.