THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE THOMAS, Appellant. [768 NYS2d 614]—

Appeal by the defendant from a judgment of the County

Court, Suffolk County (Cacciabaudo, J.), rendered April 20, 2001, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he did not knowingly and voluntarily enter a plea of guilty is unpreserved for appellate review since he never moved to withdraw his plea prior to sentencing or to vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662 [1988]; *People v Claudio,* 64 NY2d 858 [1985]; *People v Randall,* 295 AD2d 453 [2002]; *People v Dunkins,* 231 AD2d 587 [1996]; *People v Aloisi,* 177 AD2d 491 [1991]). In any event, this claim is without merit since the record demonstrates that the defendant's plea was voluntarily, knowingly, and intelligently made (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Harris,* 61 NY2d 9 [1983]).

Also unpreserved for appellate review is the defendant's challenge to his enhanced sentence since he failed to object to the sentence or move to vacate his plea (*see People v Howze,* 243 AD2d 652 [1997]; *People v Gayle,* 224 AD2d 710 [1996]; *People v Ellis,* 162 AD2d 701 [1990]).

In any event, the record clearly demonstrates that after the defendant entered his plea, the court expressly warned the defendant that he would face the imposition of an enhanced sentence if he got into any trouble before sentencing or failed to appear on the scheduled sentencing date. Once the defendant failed to appear for the scheduled sentencing date, the court was authorized to unilaterally impose the enhanced sentence (*see People v Velez,* 212 AD2d 647 [1995]; *People v Gayle, supra; People v Aloisi, supra*).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.