■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERRIE GODFREY, Appellant. [822 NYS2d 135]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered August 12, 2005, convicting her of reckless endangerment in the first degree (two counts), upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the plea was not knowing, intelligent, and voluntary is unpreserved for appellate review since she did not move to vacate her plea on that basis (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Velazquez*, 21 AD3d 388 [2005]). Furthermore, while the mental evaluations which were performed on the defendant revealed that she had a "major depressant disorder," there is no basis in the record to support the conclusion that at the time of the plea proceeding, the defendant lacked the capacity to understand the proceedings against her or that she was unable to assist in her defense (*see* CPL 730.30 [1]; *People v Phillips*, 243 AD2d 514 [1997]; *People v Rowley*, 222 AD2d 718 [1995]; *People v Hollis*, 204 AD2d 569 [1994]). Moreover, the psychiatrist and psychologists who examined the defendant both before and after the plea found that she was competent to stand trial (*see People v Rodney*, 245 AD2d 394 [1997]).

The defendant's challenge to her enhanced sentence also is unpreserved for appellate review since she failed to object to the sentence or move to vacate her plea on that basis (*see People v Thomas*, 2 AD3d 758 [2003]; *People v Howze*, 243 AD2d 652 [1997]; *People v Gayle*, 224 AD2d 710 [1996]). In any event, after the defendant entered her plea, the court expressly warned the defendant that she would face the imposition of an enhanced sentence if, inter alia, she did not cooperate with the Department of Probation. Since the defendant failed to cooperate with the Department of Probation, the court was authorized to impose the enhanced sentence (*see People v Figgins*, 87 NY2d 840 [1995]; *People v Velez*, 212 AD2d 647 [1995]; *People v Gayle, supra*). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.