■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RODRIGUEZ, Appellant. [857 NYS2d 912]—Motion by the defendant for leave to reargue a decision and order of this Court dated November 20, 2007, which determined appeals from two judgments of the Supreme Court, Kings County, both rendered June 1, 2005.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted, and upon reargument,

the decision and order of this Court dated November 20, 2007 (*People v Rodriguez,* 45 AD3d 786 [2007]) in the above-entitled action is recalled and vacated and the following decision and order is substituted therefor:

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Konviser, J.), both rendered June 1, 2005, convicting him of robbery in the first degree and robbery in the second degree (two counts) under indictment No. 1458/04, and robbery in the first degree under indictment No. 4691/04, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under indictment No. 1458/04 brings up for review the denial, after a hearing (Marrus, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Hurd,* 44 AD3d 791 [2007]; *cf. People v Ramos,* 7 NY3d 737 [2006]). We find that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence (*see People v Gray,* 35 AD3d 629 [2006]). Furthermore, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contention, raised in his supplemental pro se brief, that his plea of guilty was not knowing, voluntary, and intelligent, is unpreserved for appellate review, since he did not move to withdraw his plea of guilty, and the case does not fall within the narrow exception to the preservation requirement (*see People v Lopez,* 71 NY2d 662 [1988]; *see also People v Toxey,* 86 NY2d 725 [1995]; *People v Martin,* 7 AD3d 640 [2004]). We decline to reach this issue in the exercise of our interest of justice jurisdiction. Prudenti, P.J., Lifson, Ritter and Miller, JJ., concur.