OPINION OF THE COURT
Memorandum.
Judgments of conviction modified as a matter of discretion in the interest of justice by vacating the sentences imposed and resentencing defendant to fines of $500 on the conviction for driving without insurance and $100 on the conviction for driving an unregistered vehicle; as so modified, affirmed.
Defendant entered negotiated guilty pleas to driving without insurance (Vehicle and Traffic Law § 319 [1]) and driving an unregistered vehicle (Vehicle and Traffic Law § 401 [1]) in satisfaction of simplified traffic informations charging him with said offenses as well as driving with a suspended registration (Vehicle and Traffic Law § 512). The court expressed its willingness to accept the plea bargain, which also included a commitment by the court to impose fines and surcharges totaling $800, but cautioned defendant to refrain from getting into any trouble with the law or being arrested before the date of sentence, and to show up on the date of sentence, or its commitment of fines would be withdrawn. The court further stated: “You are not going to be able to withdraw your guilty plea, and I am going to sentence you to the fullest extent of the law. You also have to show up with the fines on the date of sentence. Do you understand all of that?” Defendant’s response was “Yes.”
At sentencing on March 1, 2006 defendant was represented by a different Legal Aid attorney from the one who had represented him at his guilty pleas. Defendant requested an extension of time to pay the $800 sum. The court appears to have been under the impression that it had warned defendant at the time he entered his guilty pleas that it would impose the maximum sentence, to wit, 15 days in jail, if he did not have all the money on the day of sentencing. Accordingly, the court imposed concurrent 15-day terms of incarceration. A stay of execution of the sentences was obtained two days after the beginning of defendant’s service of the jail terms and has been continued pending the determination of the instant appeal.
We are of the view that the court below clearly indicated at defendant’s change of pleas that if he got into trouble with the *48 law, was arrested again before sentencing or failed to show up on the date of sentencing, the court’s commitment of fines would be withdrawn and defendant would be sentenced “to the fullest extent of the law.” However, while defendant was also directed to show up with the fines on the sentencing date, it was not made clear that his failure to do so would result in incarceration (cf. People v Thomas, 2 AD3d 758, 759 [2003]). Defendant, as part of his plea bargain, should have been informed on the record of the extent of his jail exposure. This case demonstrates “the desirability of having as complete a record as possible of the agreements and promises which have led to a guilty plea” (People v Selikoff, 35 NY2d 227, 244 [1974], cert denied 419 US 1122 [1975]).
Under the circumstances presented, we are of the view that the sentences should be vacated and that fines be imposed as above indicated (People v Delgado, 80 NY2d 780, 783 [1992]).