McCabe, J.
(concurring in part and dissenting in part arid voting to affirm the judgments of conviction in the following memorandum). The majority has voted in this matter to modify the sentences of the court below. I respectfully dissent from this part of its decision.
On September 17, 2005 defendant was charged with driving with a suspended registration (Vehicle and Traffic Law § 512), driving without insurance (Vehicle and Traffic Law § 319 [1]) and driving an unregistered vehicle (Vehicle and Traffic Law § 401 [1]). On January 18, 2006 defendant appeared in District Court and, as part of a plea bargain, the People moved to reduce the misdemeanor charge of Vehicle and Traffic Law § 512 to a violation of Vehicle and Traffic Law § 319 (1), to dismiss the original charge of section 319 (1), and to permit defendant to plead guilty to violating section 319 (1) and section 401 (1) of the statute, i.e., driving without insurance and driving an unregistered vehicle.
Having read the People’s brief on appeal, one can only wonder why the District Attorney’s office would agree to such a plea bargain with someone they describe as a “remorseless scofflaw.” Indeed, the brief contends that defendant is a repeat offender for some of the charges in this case, including, in particular, section 512, which is constructed to increase the penalties for such repeat offenders.
The District Court indicated it would accept the pleas and would impose fines and surcharges totaling $800.
Defendant entered pleas of guilty in accordance with the plea bargain, waived his right to trial, waived any defects in the ac *49 cusatory instruments and waived his right of appeal, as conceded in defendant’s brief on appeal. Defendant then asked the court for time to pay the fine, and the court granted defendant a month and a half to produce the fine. Defendant concedes all of these facts.
What is at issue is the admonishment made by the court which was:
“I want you to know, however, that if you get into any trouble with the law or are arrested between now and the date of sentence or if you fail to show up on the date of sentence, my fine commitment to you is going to be withdrawn. You are not going to be able to withdraw your guilty plea, and I am going to sentence you to the fullest extent of the law.
“You also have to show up with the fines on the date of sentence.”
Defendant acknowledged that he understood the above warning, and was represented by counsel at all times during the plea and sentence.
On March 1, 2006, when defendant was to appear to pay the fine, he advised the court that he did not have the money to pay the fine and asked for a further adjournment. He states that the Legal Aid attorney told him he could bring some money. The parties do not agree as to whether he actually said this, and the record before us does not so indicate. In any event, defendant’s counsel, in her brief, does not confirm any such conversation with defendant, nor does counsel argue that defendant is unable to pay a fine of any amount. Rather, defendant’s argument is that the court was not clear and unambiguous in its warning to defendant, when it said: “You also have to show up with the fines on the date of sentence.”
Defendant now alleges that the failure by the court to set a specific hour to pay the fine would have allowed him to appear at any time during the day to pay his fine. Defendant’s reliance on People v Francis (11 Misc 3d 142[A], 2006 NY Slip Op 50733[U] [App Term, 9th & 10th Jud Dists 2006]) is misplaced. Defendant admitted he did not have the funds to pay the imposed fines on the sentencing date as directed and asked for a further adjourned date to afford him an opportunity to get the money. Defendant’s contention that when a court sets a fine, a defendant can presume it is all right to appear on the date of sentencing with only partial payment, simply because the word entire was not used when the court directed defendant to show *50 up with the fines on the date of sentence, is patently without merit.
While it is clear that Judge Ricigliano did not use the words, “15 days in jail,” he did say to defendant, while he was represented by counsel, “I am going to sentence you to the fullest extent of the law.” The fullest extent of the law in this case is 15 days’ incarceration.
Defendant indicates that the court enhanced the sentences because of his driving record. The People cite two cases in support of the fact that the lower court’s reference to defendant’s terrible driving record does not negate the court’s authority to impose the enhanced sentences (People v Figgins, 87 NY2d 840 [1995]; People v Thomas, 2 AD3d 758 [2003]).
The sequence of events on March 1, 2006 is that the court sentenced defendant to 15 days’ incarceration in the Nassau County Correctional Center, a $45 surcharge, and a $5 crime victims’ fee for one offense and 15 days’ concurrent sentence, a $45 surcharge, and a $5 crime victims’ assistance fee for the other offense. In protest, defendant stated he is a good person without a record. The court replied, “I looked at your driving record, your driving record is terrible.”
There is no indication that the court enhanced the sentences based upon either of defendant’s theories. It is clear to the undersigned Justice that the sentencing court enhanced the sentences due to defendant’s appearance without any funds to pay the fine, after having been given ample opportunity to get the money. This is consistent with the affirmation by defense counsel, dated March 3, 2006, in which she states, “the Honorable Judge Ricigliano enhanced the sentence [s] in this case on the basis that the Petitioner did not have money to pay the fine on March 1, 2006.”
Courts have held that a sentence can be enhanced if a defendant violates explicit conditions of a plea bargain (see People v Dickerson, 110 AD2d 846 [1985]; see also People v Walters, 273 AD2d 418 [2000]; People v Gayle, 224 AD2d 710 [1996]). In this case, the explicit condition was to pay the fine on March 1, 2006.
Absent a clear abuse of discretion in imposing an appropriate sentence, the decision of the sentencing court will not be disturbed (see People v Mabry, 101 AD2d 961 [1984]; People v Downs, 77 AD2d 740 [1980]). The imposition of the sentence rests within its sound discretion, and we should not interfere *51 unless there has been a clear abuse of discretion or extraordinary circumstances (see People v Hansen, 290 AD2d 47 [2002]; People v Whiting, 89 AD2d 694 [1982]).
Accordingly, the undersigned Justice concurs in part and dissents in part and votes to affirm the judgments of conviction and the sentences imposed.
Rudolph, P.J., and Tanenbaum, J., concur; McCabe, J., concurs in part and dissents in part in a separate memorandum.