■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVONNE DEBENEDETTO, Appellant. [992 NYS2d 370]—

Appeal by the defendant from a judgment of the County

Court, Nassau County (Ricigliano, J.), rendered April 8, 2013, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Brown*, 14 NY3d 113, 116 [2010]; *People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Bennett*, 115 AD3d 973 [2014]; *People v Howard*, 109 AD3d 487 [2013]). Here, the County Court providently exercised its discretion in denying the defendant's motion to withdraw her plea of guilty without conducting a hearing. The record establishes that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered. While the presentence report and the expert affirmation submitted in support of the defendant's motion indicated that the defendant had been diagnosed with severe depression and anxiety, and had been prescribed medication to alleviate the symptoms of those conditions, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of her plea (*see People v Brooks*, 89 AD3d 747 [2011]; *People v Miranda*, 67 AD3d 709, 710 [2009]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Ramos*, 21 AD3d 1125 [2005], *affd* 7 NY3d 737 [2006]). During the plea colloquy, the defendant stated that her prescription medication did not affect her ability to understand the nature of the proceedings, appropriately responded to the questions asked of her, and gave no indication that she was mentally incapacitated (*see* CPL 730.10 [1]; *People v Ramos*, 77 AD3d 773 [2010]; *People v Godfrey*, 33 AD3d 623 [2006]; *People v Ochoa*, 179 AD2d 689 [1992]). Furthermore, the defendant's postplea claim of innocence, set forth in her motion papers, did not warrant granting her motion to withdraw her plea of guilty (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Soria*, 99 AD3d 1027 [2012]; *People v Ochoa*, 179 AD2d at 690).

The defendant's valid waiver of her right to appeal precludes review of her contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 10 [1989]). Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.