■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WASHINGTON, Appellant. [20 NYS3d 896]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered April 24, 2014, convicting him of robbery in the first degree (four counts) and petit larceny, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing and voluntary because the plea court failed to inquire into his mental capacity at the time of the plea allocution is unpreserved for appellate review (*see People v Pelaez*, 100 AD3d 803, 804 [2012]; *People v Perez*, 65 AD3d 1167 [2009]; *People v Godfrey*, 33 AD3d 623 [2006]). In any event, nothing in the record indicates a need for the plea court to have conducted a full inquiry into the defendant's mental health before accepting his

plea of guilty (*see People v DeBenedetto*, 120 AD3d 1428, 1429 [2014]; *People v Godfrey*, 33 AD3d at 624; *People v Phillips*, 243 AD2d 514, 515 [1997]). Upon examination six weeks earlier by a psychiatrist and a psychologist, the defendant had been found fit to proceed in the criminal action, and the defendant's demeanor at the plea allocution and responses to the plea court's inquiries were appropriate (*see People v DeBenedetto*, 120 AD3d at 1429; *People v Godfrey*, 33 AD3d at 624; *People v Phillips*, 243 AD2d at 515; *People v Hollis*, 204 AD2d 569 [1994]).

Contrary to the defendant's further contention, after his comments at the sentencing proceeding raised the possibility of a defense based upon mental disease or defect, the sentencing court conducted an adequate inquiry to ensure that the defendant's plea of guilty was knowing and voluntary (*see generally People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Nixon*, 21 NY2d 338, 355 [1967]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.