■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PORFIRIO M. BAUTISTA, Appellant. [27 NYS3d 893]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 6, 2012, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made because he was confused and did not understand what he was doing is unpreserved for appellate review, since he did not move to withdraw his plea of guilty (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Ross*, 52 AD3d 624 [2008]; *People v Rodriguez*, 51 AD3d 1043, 1044 [2008]; *People v Scott*, 39 AD3d 570 [2007]). Moreover, contrary to the defendant's contention, this is not that "rare case" where the plea colloquy itself clearly casts significant doubt on the defendant's guilt or otherwise

calls into question the voluntariness of the plea (*People v Lopez*, 71 NY2d at 666; *People v Jerome*, 110 AD3d 739, 740 [2013]; *People v Rojas*, 74 AD3d 1369, 1369 [2010]). In any event, the defendant's contention is belied by his statements during the plea proceeding, in which he acknowledged under oath that he had not taken any drugs, alcohol, or other substance that would cause him not to think clearly, that he had a clear head and knew what he was doing, and that he had enough time to speak to his attorney (*see People v Innocent*, 132 AD3d 696, 697 [2015]; *People v Shorter*, 106 AD3d 1115 [2013]; *People v Douglas*, 83 AD3d 1092, 1093 [2011]).

Furthermore, the defendant's contention that his plea of guilty was not voluntarily entered because he was not advised at the plea of the mandatory surcharges is without merit (*see People v Hoti*, 12 NY3d 742, 743 [2009]; *People v Guerrero*, 12 NY3d 45, 48-49 [2009]; *People v Cooks*, 107 AD3d 734, 735 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.