■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRECK A. DOUGLAS, JR., Also Known as "LITTLE," Appellant. (Appeal No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRECK A. DOUGLAS, JR., Appellant. (Appeal No. 2.) [48 NYS3d 742]—

Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Greller, J.), rendered August 21, 2014, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 77/13, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered August 21, 2014, convicting him of criminal possession of a weapon in the second degree under Superior Court Information No. 175/14, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that both of his pleas of guilty were not knowing, voluntary, and intelligent because he had an active mental illness at the time of the pleas, he was equivocal about his decision to plead guilty, and the County Court failed to fully explain his constitutional rights. However, this conten-

tion is unpreserved for appellate review, because the defendant did not move to vacate his pleas or otherwise raise the issue in the County Court (*see* CPL 220.60 [3]; *People v Peque*, 22 NY3d 168, 182 [2013]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Jackson*, 114 AD3d 807 [2014]; *People v Ovalle*, 112 AD3d 971 [2013]; *People v Devodier*, 102 AD3d 884 [2013]). In any event, this contention is without merit. Although the defendant initially appeared to be reluctant at the beginning of the plea proceeding on the weapon possession charge, the court confirmed that he was pleading guilty voluntarily and that he understood the nature of that plea (*see People v Perez*, 82 AD3d 1451 [2011]; *People v Swindell*, 72 AD3d 1340, 1341 [2010]). The court then adequately advised the defendant with respect to both pleas of guilty of the rights he was surrendering by pleading guilty, and the record affirmatively demonstrates the defendant's understanding and waiver of these constitutional rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (*see People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081 [2015]; *People v Jackson*, 114 AD3d at 807-808).

Furthermore, while the defendant had been prescribed medications by a psychiatrist, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of his pleas (*see People v DeBenedetto*, 120 AD3d 1428, 1429 [2014]). During the plea colloquy, the defendant indicated that he was clear headed and understood everything that was happening.

The defendant's contention that the felony complaint charging him with criminal possession of a weapon in the second degree was jurisdictionally defective is also without merit. An accusatory instrument charging that offense need not allege a previous conviction in order to be sufficient as that is not an element of the offense (*see* Penal Law § 265.03; *People v Jones*, 22 NY3d 53, 59 [2013]). As such, the allegation that the defendant's youthful offender adjudication was a previous conviction was a minor inaccuracy and did not render the felony complaint jurisdictionally defective (*see People v Hansen*, 95 NY2d 227, 231 [2000]). Further, the waiver of indictment and Superior Court Information properly alleged that the defendant's conviction for criminal sale of a controlled substance in the third degree was a previous conviction (*see* Penal Law § 265.03).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.