■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ANLYAN, Appellant. [51 NYS3d 894]—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Reilly, J., at plea; O'Brien, J., at sentence), rendered March 17, 2009, convicting him of driving while intoxicated per se in violation of Vehicle and Traffic Law § 1192 (2) and attempted criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Brown*, 14 NY3d 113, 116 [2010]; *People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Jemmott*, 125 AD3d 1005, 1006 [2015]). Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. The record establishes that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Harris*, 61 NY2d 9, 19-20 [1983]). Contrary to the defendant's contention, there is no basis in the record to support the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of his plea (*see People v DeBenedetto*, 120 AD3d 1428, 1429 [2014]; *People v Gordon*, 107 AD3d 739, 740 [2013]; *People v Brooks*, 89 AD3d 747 [2011]). During the plea colloquy, the defendant stated that there was nothing impairing his ability to understand the nature of the proceedings, appropriately responded to the questions asked of him, and gave no indication that he was mentally incapacitated (*see People v DeBenedetto*, 120 AD3d at 1429; *People v Ramos*, 77 AD3d 773, 774 [2010]). Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.