The People of the State of New York, Respondent,
against
Rodney Paris, Appellant.




Suffolk County Legal Aid Society (Alfred J. Cicale of counsel), for appellant.
Suffolk County District Attorney (Lauren Tan of counsel), for respondent.

Appeals, as limited by the brief, from three sentences of the District Court of Suffolk County, First District (Janine A. Barbera-Dalli, J), imposed August 17, 2016, upon defendant's convictions, upon his pleas of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree and of two charges of criminal possession of a controlled substance in the seventh degree.




ORDERED that the sentences are affirmed.
Charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]) and, on two separate occasions, with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant, pursuant to a negotiated plea and sentencing agreement, pleaded guilty to the three offenses with the understanding that he would be sentenced to three concurrent terms of 90 days' incarceration. There was no reference in the plea colloquy to the imposition of fines, surcharges, or fees. At the conclusion of the plea proceedings, the District Court advised defendant that, if he failed to appear for sentencing on August 1, 2016, the court would not be bound by the sentencing promises and could impose whatever sentences it deemed appropriate. Defendant responded that he understood.
On August 1, 2016, defendant failed to appear for sentencing, and, on August 17, 2016, [*2]citing that failure, the court sentenced defendant to three concurrent terms of 120 days' incarceration, and to a $500 fine on the conviction of aggravated unlicensed operation of a motor vehicle in the second degree, and assessed the mandatory surcharges and fees. On appeal, defendant argues that the fine, surcharges and fees were never mentioned or made a part of the plea bargain and, thus, the fine, surcharges and fees should be vacated.
Defendant's challenges to the assessment of the surcharges and fees are not preserved for appellate review (see CPL 470.05 [2]; People v Murray, 15 NY3d 725, 726-727 [2010]; People v Samms, 95 NY2d 53, 56 [2000]; People v Cooks, 107 AD3d 734, 735 [2013]; People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Chandler, 31 Misc 3d 144[A], 2011 NY Slip Op 50931[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). In any event, the surcharges and fees, being mandatory in nature, are not components of a sentence (see Penal Law § 60.35 [1] [a]; People v Guerrero, 12 NY3d 45, 48-49 [2009]), and a court need not inform a defendant, at the time of a plea, that a surcharge and fee would be imposed (see People v Hoti, 12 NY3d 742, 743 [2009]; e.g. People v Bautista, 138 AD3d 754, 755 [2016]; People v Smith, 60 AD3d 580, 581 [2009]; People v Chandler, 31 Misc 3d 144[A], 2011 NY Slip Op 50931[U], *1). Defendant had no "legitimate expectation[]" that the assessments would not be imposed (People v Murray, 15 NY3d at 726), and, indeed, a judge need not "pronounce" them (see CPL 380.20), even at sentencing, for the assessments to apply (see People v Guerrero, 12 NY3d at 47-48; People v Compton, 51 Misc 3d 138[A], 2016 NY Slip Op 50586[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Additionally, since the assessments are mandatory, this court has no authority to waive them in the interest of justice (see CPL420.35 [2]; see generally People v Jones, 26 NY3d 730 [2016]; People v Pocrass, 57 Misc 3d 153[A], 2017 NY Slip Op 51596[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Ricchiuti, 55 Misc 3d 148[A], 2017 NY Slip Op 50712[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Vehicle and Traffic Law § 511 (2) (b) provides that a fine of "not less than five hundred dollars" "must be" imposed upon a conviction of unlicensed operation of a motor vehicle in the second degree. While a fine is a part of a sentence, defendant has not preserved any challenge thereto for appellate review, having failed to object to the fine at sentencing, and having made no motion to vacate the pleas (see CPL 470.05 [2]; People v Gregory, 140 AD3d 1088, 1089 [2016]; People v Carrasquillo, 133 AD3d 774, 775 [2015]). In any event, where, as here, a court warns a defendant at the time of the plea that, upon the defendant's failure to appear at sentencing, the court would not be bound by any sentencing commitments, the defendant forfeits whatever claim he might have had to specific performance of the plea agreement by failing to appear. Moreover, as the fine here was mandatory (see Vehicle and Traffic Law § 511 [2] [b]), the court had no discretion to waive its imposition.
Accordingly, the sentences are affirmed. 
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2018