People v Galea (2018 NY Slip Op 08325)





People v Galea


2018 NY Slip Op 08325


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-13066
 (Ind. No. 1065/16)

[*1]The People of the State of New York, respondent,
v
Antonio Galea, appellant.


Martin Geduldig, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jacqueline Rosenblum and W. Thomas Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered November 29, 2016, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted robbery in the third degree upon his plea of guilty and, in accordance with the plea agreement, sentenced, as a second felony offender, to an indeterminate term of imprisonment of 1½ to 3 years.
The defendant's contention that the plea allocution was insufficient because the Supreme Court failed to inquire into his mental capacity at the time of the plea is unpreserved for appellate review (see People v Raymond, 150 AD3d 766; People v Washington, 134 AD3d 963; People v Sulaiman, 134 AD3d 860, 861). In any event, nothing in the record indicates a need for the court to have conducted a full inquiry into the defendant's mental health before accepting his plea of guilty (see People v Washington, 134 AD3d at 963-964; People v Sulaiman, 134 AD3d at 861; People v Godfrey, 33 AD3d 623, 624). While the forensic-psychiatric evaluation indicated that the defendant had been diagnosed with bipolar disorder, substance use disorder, and antisocial personality disorder, there is no basis in the record to support the conclusion that at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceeding or the consequences of the plea (see People v DeBenedetto, 120 AD3d 1428, 1429; People v Brooks, 89 AD3d 747; People v M'Lady, 59 AD3d 568). During the plea allocution, the defendant stated that he took medication but did not feel that his condition interfered with his ability to understand what was happening at that time, appropriately responded to the questions asked of him, and gave no indication that he was mentally incapacitated (see People v DeBenedetto, 120 AD3d at 1429; People v Ramos, 77 AD3d 773; People v Godfrey, 33 AD3d at 624).
The defendant's remaining contention is without merit (see 22 NYCRR 152.2).
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court