People v Moye (2019 NY Slip Op 02357)





People v Moye


2019 NY Slip Op 02357


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-08251
 (Ind. No. 16-01371)

[*1]The People of the State of New York, respondent,
v
Charles Moye, appellant.


Del Atwell, East Hampton, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered June 20, 2017, convicting him of grand larceny in the third degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the procedure used to adjudicate him a second felony offender was defective (see People v Ovalles, 161 AD3d 1107, 1108; People v Thomas, 148 AD3d 734, 734; People v Hicks, 134 AD3d 854, 854).
Although the defendant's contention concerning the voluntariness of his plea survives his appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Molina, 146 AD3d 815, 815; People v Camarda, 138 AD3d 884, 885), the issue is unpreserved for appellate review because the defendant did not move to vacate his plea or otherwise raise the issue in the County Court (see CPL 220.60; People v Peque, 22 NY3d 168, 182; People v Clarke, 93 NY2d 904, 906; People v Bautista, 138 AD3d 754, 754; People v Scott, 39 AD3d 570, 571). In any event, the contention is without merit, as the record demonstrates that the plea of guilty was knowing, voluntary, and intelligent (see People v Fiumefreddo, 82 NY2d 536, 543; People v Douglas, 148 AD3d 822, 823; People v DeBenedetto, 120 AD3d 1428, 1429; People v Martinez, 33 AD3d 631, 632; People v Bevins, 27 AD3d 572, 573).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court