People v Luck (2019 NY Slip Op 06623)





People v Luck


2019 NY Slip Op 06623


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2017-02401
2019-04462
 (Ind. No. 7/16)

[*1]The People of the State of New York, respondent,
v
Melinda S. Luck, appellant.


Melinda Luck, named herein as Melinda S. Luck, Mahopac Falls, NY, appellant pro se.
Robert V. Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered January 11, 2017, convicting her of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), upon her plea of guilty, and imposing sentence, and (2) a resentence of the same court imposed March 29, 2017.
ORDERED that the judgment and the resentence are affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Lopez, 6 NY3d 248, 256). Although the defendant's contention concerning the voluntariness of her plea survives her valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Molina, 146 AD3d 815; People v Camarda, 138 AD3d 884), the contention is unpreserved for appellate review because she did not move to vacate her plea or otherwise raise the issue in the County Court (see CPL 220.60; People v Peque, 22 NY3d 168, 182; People v Clarke, 93 NY2d 904, 906; People v Bautista, 138 AD3d 754; People v Scott, 39 AD3d 570, 571). While an exception to the preservation requirement applies when a defendant's recitation of the facts underlying the crime casts significant doubt on the defendant's guilt, negates an essential element of the crime, or calls into question the voluntariness of the plea (see People v McNair, 13 NY3d 821, 822; People v Lopez, 71 NY2d 662, 666), that is not the case here.
In any event, the record as a whole affirmatively demonstrates that the defendant entered her plea of guilty knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375, 382-383; People v Harris, 61 NY2d 9, 19-20; People v May, 138 AD3d 1146). The Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense. Indeed, [the Court has] said repeatedly that there is no requirement for a uniform mandatory catechism of pleading defendants'" (People v Seeber, 4 NY3d 780, 781 [citations omitted], quoting People v Fiumefreddo, 82 NY2d 536, 543). "Rather, [i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea'" (People v Ramos, 164 AD3d 922, 923, quoting People v Goldstein, 12 [*2]NY3d 295, 301). Here, the record of the plea proceeding demonstrates that the defendant understood the charge to which she pleaded guilty and made an intelligent decision to enter a plea of guilty (see People v Goldstein, 12 NY3d at 301; People v Cortez, 170 AD3d 744; People v Woods, 147 AD3d 1156; People v Nichols, 77 AD3d 1339, 1340).
The defendant contends that the County Court erred in resentencing her without offering her an opportunity to withdraw her plea. Although this contention survives the defendant's valid waiver of the right to appeal, it is unpreserved for appellate review since the defendant failed to object to the resentence or move to vacate her plea on that basis (see People v Godfrey, 33 AD3d 623). In any event, given that she received at resentencing a term of imprisonment that was less than what was promised at the time of the plea, the resentence comported with the defendant's reasonable understanding and legitimate expectations (see People v Collier, 22 NY3d 429, 434; People v Moss, 166 AD3d 655).
The defendant's valid waiver of her right to appeal precludes appellate review of any contention that she was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of her plea (see People v Dancy, 156 AD3d 717; People v Upson, 134 AD3d 1058). That aspect of her contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing this claim (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1109).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court