People v Alijaj (2023 NY Slip Op 03360)

People v Alijaj

2023 NY Slip Op 03360

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2022-02588

[*1]The People of the State of New York, respondent,
v
Remzi Alijaj, appellant. (S.C.I. No. 147/21)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered March 4, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Peque, 22 NY3d 168, 182; People v Lopez, 71 NY2d 662, 666). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Harris, 61 NY2d 9, 17; People v Luck, 175 AD3d 1430, 1431).
The defendant's further contention that the County Court erred in failing to inquire into his mental competency to enter a plea of guilty is unpreserved for appellate review (see People v Socci, 160 AD3d 904, 905; People v Washington, 134 AD3d 963, 963). In any event, the contention is without merit (see People v Tortorici, 92 NY2d 757, 765, 767; People v Leasure, 177 AD3d 770, 772).
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of his right to appeal precludes appellate review of his excessive sentence claim (see People v Lopez, 6 NY3d at 261; People v Morrow, 198 AD3d 922, 923).
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court